UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*[handwritten annotation: "not approved for alternation release ... [signature] 8-25-11"]*

**Mario Gomez Lopez**
Petitioner (as Pro Se)

FILED
CLERK, U.S. DISTRICT COURT
AUG 25 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Case No: CR07-324-R

Still Awaiting Arraignment

v.

**United States of America**
Respondents

---

## PRO SE MOTION TO DISMISS WITH PREJUDICE INDICTMENT/COMPLAINT FOR VIOLATION OF THE SPEEDY TRIAL CLAUSE OF THE INTERSTATE AGREEMENT ON DETAINERS ACT [1] AND SPEEDY TRIAL UNDER SIXTH AMMENDMENT OF THE U.S CONSTITUTION [2]

*[handwritten: AND ORDER DENYING MOTION]*

Here comes defendant **Mario Gomez Lopez** hereinafter, " the defendant", appearing pro se respectfully move this honorable court to grant his pleadings and dismiss with prejudice the criminal complaint/indictment/information by the United States for violation of the speedy trial clause of the Interstate Agreement on Detainers Act, hereinafter "IAD" and violation of the defendant's right to a speedy trial. Defendant is currently serving a term of imprisonment of 24 months with a total of three years supervised release .

On July 6 of 2010 the United States Attorney Office for the Southern District of Mississippi acting on behalf of the Central District of California through the United States Marshal Service, hereinafter "USMS", lodged a Federal Detainer against the defendant based on federal warrant signed by a United States Magistrate Judge charging the defendant with

---

[1] 18 U.S.C.A App. 2§2. Art IV (c)
[2] 18 U.S.C §§ 1361, 1362 - Federal Rule of Criminal Procedure 48 (b)

Supervised Release Violation. The defendant was given a copy of this detainer after repeated request to prison records staff. See **EXHIBIT A-** <u>Copy of Detainer Issued by the United States Marshal Service on Behalf of the Central District of California.</u>

## FACTS AND PROCEDURAL HISTORY

Defendant Mario Gomez Lopez was sentenced in the Southern District of California in Case No: 10-CR0193-GT to a term of imprisonment of 24 months and three years supervised release for Illegal Reentry. See **EXHBIT B-** <u>Bureau of Prisons Sentence Computation Sheet.</u> Defendant was designated by the Bureau of Prisons, to a contract Facility Adams County Correctional, hereinafter "ACCC"

Defendant under the clear and plain purpose of the Statute governing the IAD Speedy Trial Clause is "serving a term of imprisonment" and has duly notified the United States Attorney office for the Central District of California that he wants to be arraigned on the charge proffered by the United States. Defendant has spoken with his case manager and counselor regarding Unit teams in ACCC and has made it known that he wants to be brought back to the Central District to answer charges.

It will be clear from the legal arguments in support of this motion that the defendant constitutional and due process rights were violated and this has prejudiced the defendant.

Defendant's rights are being violated because the United States has failed to bring him to confront these charges in a timely manner. The United States while seeking justice must also comport with the basic principles of fairness and due process under the constitution. In this particular situation it has not adhered to the principle of justice and this indictment needs to be dismissed with prejudice. Defendant now turns to Circuit and Supreme Court precedent and the plain meaning of the IAD and Speedy trial statute to show these violations and the prejudice he

has suffered as a result.

## LEGAL ARGUMEMNTS

The Speedy Trial Act provides in relevant part that if the Attorney General for the government knows that a person charged with an offense is serving a term of imprisonment in any penal institution he shall promptly- (A) undertake to obtain the presence of the prisoner for trial; or (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner of his rights to demand a trial.

Likewise the Interstate Agreement on Detainers provides that the Warden, Commissioner of Corrections or other officials having custody of the prisoner shall promptly inform him of the source and contents of the detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

While the defendant was informed about this detainer and have made repeated attempts to have these charges adjudicated according to the constitutional guarantees.

The government never responded. Similar efforts to address this internally were rebuffed because the detainer action letter specifically told prison authorities that the IAD Speedy Trial Clause does not apply to this defendant. This flies in the face of the fact, because the defendant is serving time in prison on federal charges.

The Sixth Amendment states that " in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. See <u>Barker v. Wingo</u>, 407 U.S 514, 92 S.CT.2182, 33 L. Ed.2d 101 (1972). The <u>Barker</u> court further articulated that it is the prosecution's burden and ultimately the court's and not the defendant's responsibility to make sure that cases are brought to trial in a timely manner. <u>This has not happened in this particular case</u>. The Supreme Court in

Barker established a four part balancing test to establish if the defendant's right to a speedy trial has been violated. These factors are : (1) the length of the delay; (2) the reason for the delay; (3) the defendant assertion of his rights ; and (4) prejudice to the defendant. No single factor is determinative, all four factors must be considered to determine the violation.

## LENGHT OF DELAY

Defendant was indicted by the United States and notified as such via a Federal detainer issued by the US Marshal on behalf of the United States Attorney Office for the Central District of California. The Detainer was issued on July 6, 2010 that the defendant had an untried charge for a supervised release violation. The clock starts running from the time the defendant was notified of this detainer and made diligent efforts at having this untried charge resolved, which under the statute is effectively the date it was issued and delivered to his facility. Defendant was in receipt of a copy of the detainer and immediately notified the records Office that he wanted this resolved. Defendant was told the US Marshal service stipulated via telephone and in the detainer action letter itself, that the IAD speedy trial clause is not applicable because the defendant is not serving a term of imprisonment. This makes no sense because the defendant is currently serving a term of imprisonment and is surely not in prison on a visit.

Defendant then wrote the United States Attorney Office in the Central District of California which was the prosecuting jurisdiction asserting his right to a speedy trail and received no reply. The United States ignored this letter and their silence to act cannot be imputed against the defendant. First, " simply to trigger a speedy trail analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial delay" . See Dogget v. United States, 505 U.S 647,651-52,112

S.Ct. 2686,120 L.Ed 2d 520 (1992). Defendant proffers that the length of the delay crosses the threshold to "presumptively prejudicial" because it was more than a year. See <u>United States v. Battie</u>, 433 F.3d 1287,1290 (10th Cir.2006) holding that delays approaching more than one year generally satisfy the presumptive prejudice. The general rule is that the speedy trial right attaches when the defendant is arrested or indicted, whichever comes first. See <u>Jackson v. Ray</u>, 390 F.3d 1254,1261 ( 10th Cir.2004).

Defendant has been indicted over year and has been officially notified via detainer action letter, over a year. This is a very long delay and the greater the delay the more likely it is weighed in the defendant's favor. This circuit has held that unless the period of delay is "presumptively prejudicial" under the first factor, a district court need not consider other factors". Also a delay becomes "presumptively prejudicial " as it approaches one year. " The Sixth Amendment right to a speedy trail attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial" <u>United Sates v. Walters</u>, 591 F2d 1195,1200 (5th Cir.1979). This delay is presumptively prejudicial and the <u>Barker</u> test weighs heavily in favor of the defendant's arguments that his constitutional rights to a speedy trial has been violated. A court may take in consideration the nature of the charges, however the defendant's charge is not that complicated as it would require over a year delay for an arraignment especially when the defendant invoked his right to a speedy trial and an arraignment, after being officially notified by prison authorities that he has untried charges in the Central District of California. The United States has refused to proceeded with the prosecution and this factor should be construed in the defendant's favor.

## REASON FOR THE DELAY

There is no legitimate government reason for the delay in getting the defendant before a United States Magistrate Judge or judicial officer to be arraigned accordingly and appointed counsel as guaranteed under the Fifth Amendment of the constitution. The burden belongs to the United States to provide an acceptable rationale for the delay. The Supreme court in <u>Barker</u> places the burden on the state to " provide an inculpable explanation for delays in speedy trail claims."

There is no reason other than the United States desire to have the defendant complete his current term of imprisonment which ends in less than 45 days and then bring the defendant to face the new charge in the indictment/information/complaint. This would prevent the defendant from having his current charge resolve in a timely manner. Thus, should he determine it was in his best interest not to go to trial and plea guilty, this would allow him to request a concurrent sentence. This is a deliberate attempt to delay trial to hamper whatever defense the defendant may use, one of which is asking that any term of imprisonment to run concurrent with his current term of imprisonment[3]. This kind of underhand tactic is prohibited under the <u>Barker</u> test and should weigh heavily against the United States.

While other courts have entertained justification by the United States regarding delays that has to do with missing witnesses, overcrowded dockets and waiting for another sovereign to finish prosecuting a defendant, this is not the case here. The defendant has been in custody of the Federal Bureau of Prisons since December of 2009 and was in custody serving a term of imprisonment at the issuance of this federal detainer. There is no legitimate excuse the United States can come up with to justify this prolonged delay.

---

[3] Defendant is not conceding guilt to the charges alleged in the Indictment.

In the United States v. Battis, 589 F.3d 673 (3rd Cir.2009) the court stated " Once federal prosecutors bring an indictment against a defendant, they have the duty to notify the district court that the defendant should be arraigned and appointed counsel, and to bring the defendant to trial expeditiously." Further the court stated that " this duty persists even when state authorities have a strong interest in bringing their own case against the same defendant. The government cannot indict a defendant and then delay a case indefinitely, without notice to a federal judge, merely because it is aware of a state proceeding involving the same defendant."

Interestingly, there is no other jurisdiction involved here but the federal government, the defendant here has never been arrested on State charges, has never been in State custody and was prosecuted and convicted by federal authorities twice in the California as recently as 2009. There is no justification for this delay over a year to notify a federal judge that the defendant has been indicted. There is no justifiable excuse not to bring this defendant to be arraigned before a Judge and have counsel immediately appointed.

The U.S Marshal Service and the U.S Attorney office both parrot the argument that since the defendant was not serving a term of imprisonment then the speedy trial clause of the IAD does not apply and neither is his Sixth Amendment Right to counsel. This is contrary to Circuit and Supreme Court precedent. In Dickey v. Florida, 398 U.S 30,36,90 S.CT 1564,26 L. Ed 2d (1970) the Supreme stated that: " incarceration does not make a defendant unavailable since there have long been means by which one jurisdiction...can obtain custody of a prisoner held by another for the purposes of a criminal trial."

The defendant is confined in a federal contract facility on federal charges serving a federal sentence and there is no reason why the United States cannot move the defendant to California to face charges. Again, there can be no justification for this delay and the

Government assertion through the United States marshal service is without merit. There is no overlap of prosecution. The defendant has been in federal custody since 2009 and even then the United States refused to notify the court that the defendant had a federal warrant issued against him from the Central District of California. Defendant at no time was told by the government about this indictment when the record clearly shows they knew about it and hid this from the District Judge during his criminal proceedings on the recent reentry charge.

Under Barker test, the ultimate responsibility for justifying the delay belongs to the government. The government has intentionally delayed the case for the explicit purpose of gaining some advantage and hence their refusal to bring the case to trial in a timely fashion.

## DEFENDANT'S DESIRE FOR A SPEEDY TRIAL

Defendant upon learning through his Case Manager and Counselor while incarcerated at Adams County Correctional Center in Mississippi, a BOP contract facility, that he had a detainer lodged against by the Central District of California, immediately told his Unit team that he needed to have this resolved via IAD. Defendant was told that was not possible because the detainer action lodged by the federal authorities specifically stated that the IAD speedy trial clause does not apply to the defendant. Defendant then sent an inmate to staff request to the records department and was informed that his detainer on file stated that he was not eligible for IAD or speedy trial and as such there was nothing the records department could do.

Defendant in late March then notified the Central District of California that he needs to have these charges resolved and was invoking his right to a speedy trial. He received no response and subsequently sent a second letter requesting a response. The United States Attorney office failed to answer the letter. Defendant then went to numerous meetings with staff representatives at his facility that handles inmate records and was repeatedly told there

was nothing to be done as they have called the United States Marshal Service and was told that he had to wait until he finished with his current sentence then he will be picked up.

He was given a copy of this detainer lodged by the USMS and was later told by the records department supervisor he would be unable to invoke IAD speedy trial clause because the federal detainer specifically stated he was not " not serving a term of imprisonment."

Defendant was again advised by the records department clerk that there is nothing to be done because of the specific wording of the detainer and as such the defendant will have to finish his sentence on his current charges and the US marshal will be notified 30 days prior to his release. The defendant at all times from becoming officially aware of this detainer, has made a good faith attempt to have these charges resolved and have been turned away by those whose job it was to give him relief. The defendant asserted his right to speedy trial. Such an assertion, if present is given strong weight in deciding whether there has been speedy trial violation. See United States v. Battis, 589 F.3d 673 (3d Cir.2009)

The Battis court stipulated the most important is whether the defendant has actively asserted his right to a speedy trial. See also Barker v Ringo, 407 U.S at 531-32,92 S. Ct. 2182 holding " The defendant's assertion of his speedy trial right, then , is entitled to strong evidentiary weight in the determination whether the defendant is being deprived of the right."

It is clear that even without the benefit of counsel, the defendant has taken it upon himself to write the United States Attorney twice to invoke his right to a speedy trial. He has also spoken to his Unit team and the records department at his facility that handles warrants regarding his rights to a speedy trial. Defendant's request has been prompt and repeated.

The defendant clearly asserted his rights to the all parties he reasonably imputed had the power to bring him to trial. The fact they choose not to adhere to his request should weigh in

his favor. United States v. Latimer, 511 F.2d 498,501 (10th Cir.1975) holding: " we may weigh the frequency and force of the objections in the defendants favor"

## PREJUDICE TO THE DEFENDANT

An individual claiming the Sixth Amendment violation has the burden of showing prejudice. See United States v. Toombs 574 F.3d 1275 (10th Cir.2009). Prejudice thus is assessed in light of the interests that the speedy trial right was designed to protect. The courts have identified three main interests: (1) the prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concerned on the accused; and (3) minimization of the possibility that the defense will be impaired. The most serious according to the Barker test is "hindrance of the defense", because the inability of a defendant to adequately prepare his case skews the fairness of the entire system.

Defendant has been prejudiced on all three grounds. He has been indicted for a long period with no attorney and in effect has no defense because he has no discovery or a copy of the indictment/complaint the government plans to use against him. The government has the upper hand and an unfair advantage because it has at its disposal the information needed to proceed to trial. Defendant has nothing. Had the defendant been brought to a federal court he would have been entitled to a detention hearing and an attorney on the federal charge. By depriving the defendant of his constitutional rights and due process the government has been able to prevent defendant from working on any meaningful defense until the government decides to start the federal prosecution. This type of prolonged pretrial delay is a well established type of prejudice that a defendant may rely upon in making a Sixth Amendment speedy trial claim.

Significantly, the defendant has suffered an impairment of his ability to defend and

prepare for his case. The defendant has been denied his right to counsel. Defendant was prejudiced by the delay in his initial appearance, as the delay deprived him of a chance to invoke his statutory rights under the speedy trial act at an earlier date. See <u>18 U.S.C § 3161(c)(1)</u>. The Speedy Trial Act " require that a defendant's be tried within seventy days from the filing of the indictment or from the date the defendant appears before a judicial officer, whichever date is later." See <u>United States v. Gonzales</u>, 137 F.3d 1431,1432 (10th Cir.1998) holding the defendant's right to a speedy trial was violated.

The government did not promptly bring defendant before a judicial officer after the return of the initial indictment. Had the government brought the defendant before a judicial officer in a timely manner, he would have been afforded the protections of the statutory speedy trial clock at a much early point.

"The right to a prompt inquiry into criminal charges is fundamental and a duty of the charging authority is to provide a prompt trial ." See <u>Dickey v. Florida</u>,398 U.S.30 ,38,90 S.Ct.1564,26 L.Ed.2d 26 (1970).

## VIOLATION OF THE SPEEDY TRIAL CLAUSE OF THE DETAINERS ACT

There is a clear violation of the speedy trial clause of the Detainers Act. The Detainers Act applies "when the United States activates its provision by filing a detainer against a prisoner." See <u>United States v. Mauro</u>,436 U.S 340, 349, 98 S.Ct.1834, 1842, 56 L.Ed.2d 329 (1978). The United States activated the speedy trial clause when the United States Marshal issued a detainer against the defendant even though the detainer falsely claimed that the defendant was not serving a term of imprisonment when we the record clearly shows that is not the case.

The Detainer's Act applies to a prisoner serving a term of imprisonment, which in this

case the defendant is. See 18 U.S.C App.2 § 2, Art.IV (a) These violations weighs more heavily against the government because defendant was actually in federal custody and not facing any State charges or had any other criminal proceedings in any State, he was a federal prisoner and when the detainer was lodged against him, the United States falsely asserted that he was not serving a term of imprisonment when in fact he was. See United States v. Knight F.3d 1314 (11th Cir.2009) holding that " a violation of the speedy trial clause of the Interstate Agreement Act does occur when the United States issues a federal warrant and fails to act on it." .

The error by the United States/USMS in issuing a faulty warrant stating that the IAD speedy trial clause should not activated cannot be construed as harmless error when the defendant notified the appropriate parties that he was in fact serving time for a federal offense and requested that he be brought to answer these charges and the parties with the power to grant him relief fail to do so. Likewise, the United States Attorney was well aware of this indictment when the defendant was in custody and brought to answer charges for escape from a Federal facility. This is not a mistake or error to be construed as harmless, it was a deliberate attempt to gain a tactical advantage at the expense of the defendant's due process and constitutional rights.

There is nothing to get around that fact that the United States knowingly and intentionally withheld this information from the court and the defendant when they had an indictment before or in the works relating to the possession of cocaine with intent to deliver. The Supreme Court has held that "the mandatory language of the Detainers Act does not allow for harmless, technical or de minimis error exception." See. Alabama v.Bozeman, 533 U.S 146,153-54,121 S. Ct. 2079,2084-85,150 L. Ed.2d 188 (2001).

The stated purpose of the Detainers Act is "to encourage the expeditious and orderly


disposition of such charges and determination of the proper status of any and all detainer based on untried indictments, information, or complaints. This purpose was clearly violated by the United States and this has caused serious prejudice to the defendant.

## CONCLUSION

Defendant is asking that the District court dismiss with prejudice the pending indictment, complaint and/or information because of the above mentioned reasons. In alternative, should the Court decide that this is not an appropriate remedy at this time[4], the defendant is asking that the district court immediately order the United States to bring the him before a Magistrate Judge for an arraignment hearing and appointment of counsel as guaranteed by the constitution.

Defendant prays that this Court may grant him his requested relief or any other relief deemed appropriate at this time.

Respectfully submitted:

_____

Mario Gomez Lopez  ( Pro Se )

---

4  Should the Court choose this alternative, the defendant upon appointment of counsel will be moving forward with his claims in this motion and is reserving his right to have the court rule on the merits of his motion in the future.

## CERTIFICATE OF SERVICE

    I, Mario Gomez Lopez do swear under the pain and penalty of perjury that I have mailed a copy of this motion entitled: PRO SE MOTION TO DISMISS WITH PREJUDICE INDICTMENT/COMPLAINT FOR VIOLATION OF THE SPEEDY TRIAL CLAUSE OF THE INTERSTATE AGREEMENT ON DETAINERS ACT AND SPEEDY TRIAL UNDER SIXTH AMMENDMENT OF THE U.S CONSTITUTION." to the following interested parties on this 11th day of August 2011 by USPS first class mail.

*/s/ Mario Lopez*

The Clerk of Court
United States District Court
Central District of California
United States Courthouse
312 N. Spring St.
Los Angelas, CA 90012

United States Marshal Service
United States Marshal
Mr.Thomas Figmik
Southern Mississippi
245 E.Capitol St. Suite 305
Jackson, MS 39201

United States Attorney
880 Front Street Room 6293
San Diego, CA 92101

# EXHIBIT A

( COPY OF THE UNITED STATES MARSHALS DETAINER ACTION LETTER)

```
 ACC3R   540*23  *
PAGE 003 OF 003  *          SENTENCE MONITORING              *     08-10-2011
                               COMPUTATION DATA              *     07:36:01
 REGNO..: 44582-112  NAME: GOMEZ-LOPEZ, MARIO

------------------------------- CURRENT DETAINERS: -----------------------------
DETAINER NO..: 003
DATE LODGED..: 07-06-2010
AGENCY.......: US MARSHALS SERVICE
AUTHORITY....: SOUTHERN DISTRICT OF MISSISSIPPI FOR CENTRAL DIST. CA
CHARGES......: SUPERVISED RELEASE VIOLATION
               CR-07-00324-R

DETAINER NO..: 004
DATE LODGED..: 08-02-2011
AGENCY.......: IMMIGRATION & NATURALIZATION
CHARGES......: POSSIBLE DEPORTATION A076269428




G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT B

( COPIES OF BUREAU OF PRISON'S SENTENCE

COMPUTATION SHEETS)

```
 ACC3R   540*23  *           SENTENCE MONITORING        *   08-10-2011
 PAGE 001         *             COMPUTATION DATA         *   07:36:01
                                AS OF 08-10-2011

 REGNO..: 44582-112 NAME: GOMEZ-LOPEZ, MARIO


   FBI NO............: 378519AB4      DATE OF BIRTH: 01-24-1976
   ARS1..............: ACC/A-DES
   UNIT..............: BRAVO          QUARTERS.....: B01-227L
   DETAINERS.........: YES            NOTIFICATIONS: NO

 HOME DETENTION ELIGIBILITY DATE: 07-17-2011

 THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
 THE INMATE IS PROJECTED FOR RELEASE:  09-27-2011 VIA GCT REL


 ---------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

   COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
   DOCKET NUMBER...................: 10CR0193-GT
   JUDGE...........................: THOMPSON
   DATE SENTENCED/PROBATION IMPOSED: 04-23-2010
   DATE COMMITTED..................: 06-16-2010
   HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
   PROBATION IMPOSED...............: NO

                     FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
   NON-COMMITTED.:   $100.00         $00.00           $00.00       $00.00

   RESTITUTION...: PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00

 ---------------------CURRENT OBLIGATION NO: 010 -----------------------------
 OFFENSE CODE....:   171
 OFF/CHG: 8 U.S.C. 1326: DEPORTED ALIEN FOUND IN THE UNITED STATES

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:     24 MONTHS
   TERM OF SUPERVISION............:      3 YEARS
   CLASS OF OFFENSE...............: CLASS C FELONY
   DATE OF OFFENSE................: 12-23-2009




 G0002          MORE PAGES TO FOLLOW . . .
```

```
ACC3R   540*23  *         SENTENCE MONITORING         *    08-10-2011
PAGE 002         *         COMPUTATION DATA           *    07:36:01
                           AS OF 08-10-2011

REGNO..: 44582-112 NAME: GOMEZ-LOPEZ, MARIO


------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 06-08-2011 AT ACC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 04-23-2010
TOTAL TERM IN EFFECT............:     24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      2 YEARS
EARLIEST DATE OF OFFENSE........: 12-23-2009

JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                     12-23-2009    04-22-2010

TOTAL PRIOR CREDIT TIME.........: 121
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 87
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 09-27-2011
EXPIRATION FULL TERM DATE.......: 12-23-2011


PROJECTED SATISFACTION DATE.....: 09-27-2011
PROJECTED SATISFACTION METHOD...: GCT REL




G0002        MORE PAGES TO FOLLOW . . .
```

```
   ACC3R  520.14 *           CREATE FUTURE ASSIGNMENT              *      08-10-2011
 PAGE 001 OF 001                                                          08:01:46

    REG NO: 44582-112
      NAME: GOMEZ-LOPEZ
  FUNCTION: ADD
  CATEGORY: CAL
 CURR ASGN:
  NEW ASGN: RECORDS
  EFF DATE: 08-17-2011
  EFF TIME: 1130

 ADDITIONAL INFORMATION, AS REQUIRED:
 01.
 02.
 03.
 04.




 G0005         TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```